IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FRANKLIN, JR., | ) | CASE NO. 5:06 CV 1218 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STUART HUDSON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Donald Franklin, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Franklin is currently incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio, where he is serving a 20-year sentence[3] imposed by the Stark County Court of Common Pleas after he was found guilty at a jury trial in 2003 of attempted murder and aggravated burglary.[4]

In his petition, Franklin raised two grounds for relief that the State asserts were not fairly or properly presented to the Ohio courts and should now be dismissed since no state

---

[1] ECF # 6.

[2] ECF # 1 at 1.

[3] Franklin is serving two 10-year terms consecutively.

[4] ECF # 1 at 1.

remedies are available.[5]  For the reasons that follow, I recommend finding that the State's

positions are well-taken and that the petition should be dismissed.

## Statement of the Facts and of the Case

**A.     The underlying facts and the state trial**

The facts that follow come from the decision of the Ohio appellate court.[6]  On a

September day in 2003, Stephanie Baum returned home from nursing school, and lay on her

bed to sleep.[7]  She heard footsteps on the stairs, and a man jumped on her back and began to

choke her.[8]  The assailant demanded drug money that he was owed by Michael Miller,

Baum's boyfriend.[9]  The man continued to strangle Baum for approximately ten minutes,

during which time Baum claims she saw that her attacker was wearing blue sleeves, baseball

gloves, and had black skin.[10]  During the assault, Baum's phone rang and she managed to

press a button answering it.[11]  On the line was Miller, who heard Baum talking to her attacker

saying "I'll give you money!"[12]

---

[5] ECF # 10 at 11-12.

[6] Facts found by the state appellate court on its review of the record are presumed
correct.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[7] ECF # 8 (state court record) at 91.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

At this point, Miller left work and drove to Baum's residence.[13]  Once inside he found Baum on the floor of her bedroom with a plastic bag over her head and a sock in her mouth.[14]  Shortly thereafter, he heard the bathroom door slam and began shouting and pounding on the door, eventually kicking it open and finding Donald Franklin inside.[15]  A brief struggle between the two men ensued, and then Franklin ran from the house.[16]  Miller gave chase, pursuing Franklin through a neighbor's backyard, the parking lot of a Dairy Mart, an old rubber band factory and eventually back to Franklin's home.[17]  When the police responded to Franklin's front door, he ran out the back door and was later apprehended.[18]  At the time of his arrest, Franklin was wearing long blue sleeves and was carrying baseball gloves.[19]

Franklin told the police that he put on the long blue sleeves and baseball gloves because he had become cold while preparing to cut his grass.[20]  He claimed that the next thing he knew, he was walking up to Baum's residence and went inside.[21]  According to his

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 92.

[19] *Id.*

[20] *Id.*

[21] *Id.*

account, he blacked out while ascending the stairs and the next thing he could remember was waking up in a bathroom and having to urinate.[22]

The State charged Franklin with one count of aggravated burglary, a felony of the first degree, under Revised Code § 2911.11, and one count of attempted murder, a first degree felony, under Revised Code § 2923.02.[23]  On November 25, 2003, a jury found Franklin guilty as charged on both counts, and the trial court sentenced him to the maximum of 10 years on each count, to run consecutively for a total 20-year prison term.[24]

**B.    The direct appeal**

On May 19, 2004, Franklin appealed his conviction to the Stark County Court of Appeals.  In his appeal Franklin alleged two assignments of error:[25]

> Assignment of Error 1: That the trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.[26]

> Assignment of Error 2: That the court erred in imposing the maximum sentence without complying with the statutory criteria or making the requisite findings.[27]

---

[22] *Id.*

[23] *Id.* at 93.

[24] *Id.*

[25] *Id.* at 17.

[26] *Id.* at 21.

[27] *Id.*

Under the first assignment of error, Franklin pointed out that neither Baum nor Miller could identify who had attacked Baum.[28]  Baum also admitted that it was possible that the back door to her residence could have been unlocked.[29]  Miller acknowledged that he did not check the other sections of the house, and that it was possible that someone else could have been hiding within the residence.[30]  Furthermore, Franklin contended that there was plenty of DNA evidence that had been found at the scene that had not been analyzed and could have proven his innocence.[31]  Moreover, Franklin asserted that the lack of severe injuries indicated that no attempt to end her life had been made.[32]

In his second assignment of error, Franklin stated that the court did not give sufficient reason for imposing the maximum sentence of ten years for each conviction, citing the cases of *State v. Brooks* and *State v. Daniels.*[33]

The State responded in opposition to each of the assignments of error, and on October 4, 2004 the Court of Appeals affirmed the conviction,[34] finding that the jury was free to accept or reject the credibility of the witnesses, and that the evidence supported the

---

[28] *Id.* at 24.

[29] *Id.* at 28.

[30] *Id.* at 29.

[31] *Id.* at 30-31.

[32] *Id.* at 31.

[33] *Id.* at 34.

[34] *Id.* at 69.

decision of the court.[35]  The court of appeals also found that the trial court did not have to give the reasons for its findings, and that the findings themselves were sufficient to impose consecutive sentences.[36]

Franklin then filed a timely appeal to the Ohio Supreme Court.[37]  He there raised the same claims he had alleged as assignments of error in the appellate court as propositions of law.

> Proposition of Law 1:  That the trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.[38]
>
> Proposition of Law 2:  That the court erred in imposing the maximum sentence without complying with the statutory criteria or making the requisite findings.[39]

The State filed an opposition.[40]  The state Supreme Court dismissed the appeal as not involving any substantial constitutional claim.[41]

---

[35] *Id.* at 63.

[36] *Id.* at 68.

[37] *Id.* at 72.

[38] *Id.* at 79.

[39] *Id.* at 86.

[40] *Id.* at 104.

[41] *Id.* at 113.

## C.    Post-conviction motions

Franklin filed a *pro se* motion to vacate sentence with the Stark County Court of

Common Pleas.[42]  In the motion, Franklin raised two claims:

Claim One:  Actual Innocence[43]

Franklin argued that outside of the testimonies of Miller and Baum,
there is insufficient evidence of Franklin's guilt.  Moreover, Franklin claimed
that he was in the Baum residence because he had heard screams and was
coming to help.[44]

Claim Two:  Ineffective Assistance of Counsel[45]

Franklin claimed that his attorney failed to call witnesses who could
have proven his innocence or to use hospital records that he alleged
contradicted Baum's claim.  Franklin contended that the errors on the part of
his attorney had a significant impact on the outcome of his trial.[46]

The Stark County Court of Common Pleas denied the petition, finding the claim

deficient as a matter of law.[47]  Franklin then appealed to the Stark County Court of Appeals.[48]

Because no brief was filed, the court dismissed the petition for want of prosecution.[49]

Franklin then filed for reconsideration, claiming that he had filed for the appointment of

---

[42] *Id.* at 116.

[43] *Id.* at 119.

[44] *Id.* at 120.

[45] *Id.* at 122.

[46] *Id.* at 125.

[47] *Id.* at 146.

[48] *Id.* at 147.

[49] *Id.* at 149.

counsel, and expected his appointed counselor to file the brief.  Franklin contended that he was not told that the motion had been denied.[50]  The Court of Appeals overruled the motion on the grounds that there was no obvious error on the part of the court.[51]

### D.  Petition for writ of habeas corpus

Franklin filed a timely *pro se* petition for a writ of habeas corpus.[52]  In his petition, Franklin raised two grounds for relief:

> Ground one: The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence[53]
>
> Ground two:  The court erred in imposing the maximum sentence without complying with the statutory criteria or making the requisite findings.[54]

The state responded to ground one by asserting that it was procedurally defaulted because Franklin did not fairly present[55] his claim in that he failed to appeal his motion to vacate sentence to the Ohio Supreme Court.[56]  The state responded to claim two by arguing

---

[50] *Id.* at 151.

[51] *Id.* at 154.

[52] Franklin signed and dated the petition May 10, 2006.

[53] ECF # 1, attachment B.

[54] *Id.*

[55] Although the State characterizes the defect in this ground for relief as a failure to fairly present the claim, in fact, as will be discussed later, it is more properly described as a failure to properly present, since an adequately crafted federal claim was not presented to one full round of the state's appeals process.

[56] ECF # 10 at 11.

that Franklin had not fairly presented this claim, as he had only raised it as a state issue in state courts.[57]

In his traverse, Franklin filed in opposition to the claim that he had not fairly presented his claim to the Ohio Supreme Court.[58]  He asserted that the state's opposition to his second claim "misses the point," and that it was necessary to hear the case based on the merits to address the violation of Franklin's right to due process.[59]

## Analysis

**A.     Standards of review**

*1.     Non-cognizable claim/state law/manifest weight of the evidence*

Initially, it is clear that, to the extent a habeas claim is predicated on a violation of state law, the petitioner has failed to state a cognizable claim for federal habeas relief.[60]

A manifest weight of the evidence claim in Ohio requires the court to act as a thirteenth juror, reviewing and re-weighing the evidence to determine if the jury lost its way.[61]  As such, adjudicating a manifest weight of the evidence claim in a habeas proceeding would require the federal habeas court to perform tasks, such as re-weighing the evidence

---

[57] *Id.* at 12.

[58] ECF # 12 at 3.

[59] *Id.* at 6.

[60] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Phillips v. Million*, 374 F.3d 395, 397 (6th Cir. 2004).

[61] See, S

and re-determining credibility of witnesses, for which it has no authority.[62]  Accordingly, a manifest weight of the evidence claim raises only an issue of state law and is thus non-cognizable in a federal habeas proceeding.[63]

## 2.      *Procedural default/waiver*

Under the doctrine of procedural default, a federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of his claim in state court either because he failed to properly raise the claim while state remedies were available or because the state court declined to consider the claim because of a violation of a state procedural rule.[64]

When a violation of a state procedural rule is alleged as the basis for the default, this Circuit has long-employed a four-part test to determine if a claim is procedurally defaulted:

(1)      Does a state procedural rule exist that applies to the petitioner's claim?

(2)      Did the petitioner fail to comply with that rule?

(3)      Did the state court rely on that rule in denying review of the petitioner's claim?

(4)      Is the state rule an adequate and independent state law basis for barring the federal habeas court from considering the claim?[65]

---

[62] *Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).

[63] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[64] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citation omitted).

[65] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citations omitted).

In addition to these elements, the state procedural rule must be shown to be firmly established and regularly followed.[66]

### 3.    *Fair presentment/proper presentment/exhaustion*

However, when the procedural default was allegedly caused by the petitioner's failure to fairly present his federal claim in the state courts, the federal court must first determine if the habeas claim was presented to the state court as a federal constitutional claim.[67]  The Sixth Circuit teaches that a claim may be considered fairly presented as a federal claim if the petitioner:  (1) relied on federal cases employing constitutional analysis; (2) relied on state cases using federal constitutional analysis; (3) phrased the claim in terms of federal constitutional analysis or in terms sufficiently particular to allege a violation of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.[68]

In this regard, general allegations of the denial of rights to a "fair trial" or "due process" do not fairly present claims that a specific federal constitutional right was violated.[69] Similarly, it is not enough that the facts necessary to support the federal claim were presented to the state court or that a similar state law claim was made.[70]  Essentially, the petitioner must

---

[66] *Smith v. Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citation omitted).

[67] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[68] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[69] *Id.*

[70] *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

present the same claim under the same theory to the state court as is now presented to the federal habeas court.[71]

Next, if it is determined that a claim was not fairly presented as a federal claim in state court nor properly presented under the requirement of affording the state one full round of its established appeals procedure to remedy a constitutional defect,[72] the federal court must ascertain if state remedies are still available for state courts to consider the claim.  If state remedies are still available, the claim is not exhausted, and state courts must be given an opportunity to address the claim before it is considered by a federal court, since lack of exhaustion is a jurisdictional defect.[73]  If no further state remedies are available, however, there is no lack of exhaustion, and the claim is procedurally defaulted or waived.[74]

## 4.    *Overcoming procedural default/waiver*

Procedural default or waiver may be overcome, however, if a petitioner can show both cause for the default and actual prejudice as a result of the alleged violation of federal law or actual innocence.[75]

_____

[71] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

[72] *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  Proper presentment of a claim in state court where the state has a discretionary component of direct appeal, as Ohio does, consists of two steps: (1) the petitioner must appeal from the trial court to the court of appeals; and (2) the petitioner must at least seek review of the claim in the state supreme court. *Id.*, at 845.  When a habeas petitioner fails to take either step, he waives or procedurally defaults that claim.  *Id.*, at 848.

[73] *McMeans*, 228 F.3d at 681.

[74] *Fautenberry v. Mitchell*, 515 F.3d 614, 628 (6th Cir. 2008) (citation omitted); *Deitz*, 391 F.3d at 808.

[75] *Deitz*, 391 F.3d at 808.

To establish "cause" for the default a petitioner must generally show that some objective factor, something external to the petitioner that cannot fairly be attributable to him, precluded his compliance with the state procedural rule.[76] Demonstrating "prejudice" requires showing that the complained-of constitutional error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension.[77] A fundamental miscarriage of justice is understood to mean the conviction of one who is actually innocent.[78]

Where ineffective assistance of counsel is raised as a cause to excuse procedural default, the ineffective assistance claim itself must first be fairly presented to and exhausted in state court.[79]

### 5. Insufficient evidence

Despite the general prohibition against federal habeas review of matters of state law, a claim that a conviction was not supported by sufficient evidence is cognizable under 28 U.S.C. § 2254. Essentially, because the Due Process Clause of the Constitution does not permit a state to convict a person of a crime without proving all the elements of the offense beyond a reasonable doubt,[80] a claim that the evidence was insufficient to support a conviction initially involves a state law question of what elements of the crime the state was

---

[76] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[77] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[78] *Schlup v. Delo*, 513 U.S. 298, 326-32 (1995).

[79] *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

[80] *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

required to prove, but then ultimately rests on the federal question of whether those elements were proved in compliance with due process.[81]

Sufficient evidence to support a conviction will be found if, after viewing the evidence (and the reasonable inferences to be drawn from that evidence) in the light most favorable to the prosecution, the federal habeas court can conclude that any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt.[82] Under this standard of review, the federal court does not make its own subjective determination of guilt but gives full play to the responsibility of the state court trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[83]

In particular, an attack on the credibility of a witness is understood to be simply a challenge to the quality or weight of the prosecution's evidence and not a cognizable challenge to the sufficiency of the evidence.[84]

**6.    *Decision on the merits by the state court where the correct clearly established federal law is identified***

According to the federal habeas statute, in cases where the state court has adjudicated a habeas claim on the merits after it first correctly identified the applicable federal law, the federal court may not issue the writ unless that state court decision involved an unreasonable

---

[81] *Ducic v. Moore*, No. 1:07-CV-1234, 2008 WL 2783492, at *6 (N.D. Ohio, July 17, 2008) (citation omitted).

[82] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[83] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[84] *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

application of clearly established federal law.[85]  Under this clause, if the state court identified the correct governing legal principle applicable to the petitioner's case from the decisions of the Supreme Court, the writ may not issue unless the state court then unreasonably applied that principle to the facts of the petitioner's case.[86]  As is now well-recognized, the proper inquiry under the "unreasonable application" clause is whether the state court decision was objectively unreasonable, and not merely if it was erroneous or incorrect.[87]

**B.**     **Application of standards**

*1.*     *That portion of ground one alleging that the conviction was against the manifest weight of the evidence is non-cognizable in federal habeas proceedings.*

As noted earlier, Franklin's first ground for habeas relief asserts both that the trial court's finding of guilt was against the manifest weight of the evidence and not supported by sufficient evidence.  That claim, with both elements, appears exhausted, since it was raised to the Ohio appeals court on direct appeal, denied by that court, and submitted to the Ohio Supreme Court.

However, as to the manifest weight of the evidence component, the claim is not, as discussed above, recognized as a basis for federal habeas relief, since resolving it would require this court to perform tasks such as assessing credibility of witnesses that it is expressly not authorized to perform.

---

[85] 28 U.S.C. § 2254(d)(1).

[86] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

[87] *Id*. at 409-11.

Consequently, I recommend finding that the portion of ground one seeking relief on the grounds that the conviction was against the manifest weight of the evidence be found non-cognizable.

**2.      *To the extent that ground one's claim for relief asserts that evidence first presented in Franklin's post-conviction relief petition shows that he is actually innocent and so justifies issuance of the writ on the grounds that the evidence presented at trial must, therefore, be insufficient, the claim should be dismissed as waived since Franklin failed to appeal the denial of the post-conviction motion to the Ohio Supreme Court.***

As stated, if a claim for relief was not presented through one full round of the state's established review procedure and re-submission of the claim is not available as a matter of state law to cure this defect, the claim will be considered waived or procedurally defaulted by the federal habeas court and dismissed, absent proof of one of the means for overcoming such a waiver or default.

Here, there is no dispute that Franklin raised the argument to the state trial and appellate courts that new evidence established his innocence, allegedly showing that the conviction was not supported by sufficient evidence. However, he did not appeal the appellate court's denial of that motion to the Supreme Court of Ohio. That failure means that Franklin did not afford Ohio courts one full round of the state's established review procedure to correct the claimed constitutional defect in his conviction. In this case, because the Ohio Supreme Court does not permit delayed appeals in cases of post-conviction petitions,[88]

---

[88] *Lopez v. Wilson*, 426 F.3d 339, 344 (6th Cir. 2005) (citing Rule II, § 2(A)(4)(b), Ohio Supreme Court Rules of Practice).

Franklin has waived or procedurally defaulted this claim, absent proof that the waiver is overcome according to a recognized standard.

To that end, Franklin presents, but does not extensively develop, several arguments by which the waiver might be overcome.  First, in the petition itself he appears to maintain that if he had timely been appointed counsel for this post-conviction petition, he  would not then have been in the position of requiring a delayed appeal to the Ohio Supreme Court.[89] However, even if developed, this argument is of no avail since there is no right to counsel in post-conviction proceedings.[90]

In addition, although he appears to misapprehend that the State's waiver argument specifically concerns only that portion of the insufficiency claim that flows from the newly discovered evidence advanced in the post-conviction motion, Franklin does assert the gateway argument of actual innocence to avoid any waiver or procedural default.[91]

Initially, I note that Franklin's actual innocence gateway argument essentially seems to be the same as his merits argument that the conviction was not supported by sufficient evidence.  According to Franklin, his conviction was based on largely circumstantial evidence – no witnesses testified that they saw Franklin assault the victim, and no independent scientific evidence conclusively established his guilt.[92]

---

[89] ECF # 1, Ex. A at answer to 11(d).

[90] *Lopez*, 426 F.3d at 354.

[91] ECF # 12 at 2-5.  This document was not paginated by Franklin.  The page numbers identified here have been determined by the Magistrate Judge to facilitate reference to the specific argument within the document.

[92] *See*, ECF #10 at 120.

He now contends that things would have been different at trial if his counsel had: (1) investigated the whereabouts of the victim's uncle, who was supposedly at the victim's home prior to the attack and so would challenge a finding that Franklin was in the victim's home at that time; (2) called Franklin's girlfriend, since she would have testified that he was cutting the grass at her home at the time of the assault; (3) discovered hospital records of this victim, because they do not show injuries consistent with her claims; and (4) permitted him to testify to his own innocence at trial.[93]

Considering this only in the context of a gateway argument of actual innocence, and not as the substantive argument concerning both insufficient evidence and ineffective assistance, I note first that these claims merely raise, at best, contrary circumstantial claims. Evidence that the victim's injuries do not comport in all respects with her injury claims is not conclusive proof that those claims are false.  Evidence that the defendant's girlfriend, not an unbiased witness, would provide him with an alibi does not conclusively establish that alibi, especially absent any cross-examination of that witness.  Evidence that the victim's uncle may have been in the house prior to the assault does not, of itself, conclusively prove that Franklin could not also have been in the house without being detected by this witness.  And finally, the defendant's own profession of innocence is not conclusive proof of it.

In sum, as evidence for establishing "actual innocence" under the *Schlup* gateway, none of these things rise to the level of being within the narrow class of cases where a petitioner has shown, by evidence not available at trial, that it is more likely than not that no

---

[93] *Id.* at 122-25.

reasonable juror would have found the petitioner guilty beyond a reasonable doubt. This is particularly so when this evidence is put against the prosecution's evidence from the victim herself describing Franklin's distinctive attire perfectly at the time of the attack, from her boyfriend who testified to struggling with Franklin before he ran out of the victim's house and from police who found Franklin wearing the exact clothes described by the victim, with the distinctive gloves also described by the victim in his pocket.

Accordingly, strictly analyzed as a gateway innocence exception to the waiver of this particular element of the first claim, I recommend finding that this new evidence Franklin claims he might have produced at trial does not establish a basis to excuse his waiver of the post-conviction claims.

**3.**      ***The remainder of the ground one claim of insufficient evidence that is still cognizable as a federal habeas claim and was originally presented in Franklin's direct appeal was properly denied by the state appeals court in a decision that was not an unreasonable application of clearly established federal law.***

As noted, Franklin did present a claim on direct appeal that his conviction was not supported by sufficient evidence.

I note first that the Ohio appeals court that adjudicated this claim identified the correct legal principle applicable to this matter. Specifically, the appeals court cited and relied on *State v. Jenks*,[94] an Ohio Supreme Court decision that itself adopted the test set forth in the

---

[94] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1981), superseded on other grounds by state constitutional amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997).

United States Supreme Court's decision[95] of *Jackson v. Virginia*[96] for deciding claims of insufficiency of the evidence.

Under that test, sufficient evidence will be found to support a conviction if, after viewing the evidence, both circumstantial and direct, in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[97]  This standard, as the Supreme Court stated in *Jackson*, "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[98]

In this case, after stating the correct standard of review, the Ohio appeals court then listed the individual elements of aggravated burglary and attempted murder.[99]  Finally, employing the correct standard of review against the facts in light of the elements needed to be proved, the Ohio appellate court found that sufficient evidence was adduced at trial, when viewed most favorably to the State, to support Franklin's convictions.[100]  That evidence, as recounted by the appeals court, included:

---

[95] *Id.*, 61 Ohio St. 3d at 273, 574 N.E.2d at 503.

[96] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[97] *Id*. at 319.

[98] *Id.*

[99] ECF # 10 at 61-62.

[100] *Id.* at 63.

(1) the victim's own testimony that she was in her bed at home when she was attacked from behind by an assailant who demanded money from her;[101]

(2) the victim's further testimony describing her assailant's distinctive clothing of a long-sleeved dark blue shirt and baseball gloves as she was being strangled;[102]

(3) the testimony of her boyfriend who, after hearing the victim plead with her assailant during the attack over an open phone, immediately rushed to the victim's home to find Franklin inside the home, using the bathroom, and the victim with a sock stuffed in her mouth and a plastic bag over her head;[103]

(4) the further testimony of the victim's boyfriend that he struggled with Franklin inside the victim's home as Franklin sought to escape;[104]

(5) the additional testimony of the victim's boyfriend that, after struggling with Franklin inside the victim's home, he followed Franklin as he fled, with the victim's boyfriend witnessing Franklin finally retreating into his own home;[105] and,

(6) when police appeared at the front door of Franklin's home, he ran out the back door, where he was arrested, wearing a blue hooded long-sleeved sweatshirt and having baseball gloves in his pocket.[106]

As the state court observed, it is true that the victim's boyfriend did not actually witness Franklin committing an attack, and also true that the victim did not see the face of her attacker.[107]  However, the court further noted that the jury heard from five prosecution

---

[101] *Id*. at 59.

[102] *Id*.

[103] *Id*.

[104] *Id*.

[105] *Id*.

[106] *Id*. at 60.

[107] *Id*.

witnesses[108] and was free, after assessing their credibility, to accept of reject any or all of the testimony.[109]  Further, as the *Jackson* standard makes plain, the jury was also free to make inferences from basic facts to ultimate facts.

Viewing these facts found and stated by the appeal court, as well as the inferences that can be drawn from them, in the light most favorable to the prosecution, I recommend finding that the decision of the Ohio appeals court to deny Franklin's claim here was not an unreasonable application of clearly established federal law.  I further recommend, therefore, that the remaining portion of ground one of Franklin's petition not previously resolved be denied.

**4.    *Franklin's second ground for habeas relief has been waived in that he only presented this claim to the state courts as a state claim and res judicata now bars him from re-submitting the federal constitutional claim to the Ohio courts.***

In his direct appeal, filed in May, 2004, Franklin argued that the trial court erred in imposing the maximum sentence because it did not make the requisite findings of fact mandated by Ohio statute.[110]  Specifically, Franklin contended that while the trial court did make a general finding before sentencing that Franklin "committed the worst form of the offense," it "did not state on the record any other reasons listed in R.C. 2929.14."[111]  The absence of these factual findings by the trial court, Franklin asserted, meant that "the trial

---

[108] *Id.*  Franklin himself did not testify and called no witnesses.

[109] *Id.* at 63.

[110] *Id.* at 33.

[111] *Id.*

-22-

court did not list sufficient factors from R.C. 2929.14(C) on the record or in the sentencing entry to justify consecutive and maximum prison terms."[112]

Plainly, as the State here notes, this ground in the state court was presented solely as one dealing with state law. Moreover, the essence of Franklin's claim was not that Ohio's sentencing scheme contained constitutional defects but that the trial judge allegedly did not comply with some specific detail of that scheme.

Franklin, in his traverse, seeks to avoid the obvious by contending that the State's assertion that he only presented this claim to Ohio courts as a state law violation "misses the point" that Ohio has subsequently ruled its sentencing structure to be unconstitutional and that he should now be entitled to claim relief from that decision.[113]

In fact, the relevant point is, as noted, that Franklin did not assert this claim to Ohio courts as a federal constitutional violation when he filed his direct appeal in 2004. Further, the later Ohio Supreme Court decision, *State v. Foster*,[114] which applied the principles of *Apprendi*[115] and *Blakely*[116] to Ohio sentencing law, and which Franklin now seeks to use to bootstrap his claim, would be of no use to him even if it could be considered. First, as is well-known, *Foster*, by its own terms, is applicable only to future cases or cases pending on direct review when it was issued in 2006 and not to Franklin's appeal which was decided in

---

[112] *Id.*

[113] ECF # 12 at 6.

[114] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[115] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[116] *Blakely v. Washington*, 542 U.S. 296 (2004).

2004.[117]  Next, the fact still remains that Franklin's argument before the state court was that the trial judge did not comply with the state law as it was at the time, not that such law was in violation of the federal constitution.

Finally, I would note that even if this Court could reach this issue and order relief on the basis of *Apprendi* and *Blakely* as applied to Ohio through *Foster*, the most Franklin would receive would be the right to be re-sentenced by an Ohio court that would now no longer need to make any findings of fact at all before re-imposing the same sentence.  One might reasonably assume that Franklin would find such relief both transitory and unsatisfying.

Accordingly, I recommend initially finding that ground two here was not fairly presented to the Ohio courts as a federal constitutional issue.  Thus, I further recommend that ground two be now dismissed as procedurally defaulted or waived since under Ohio's doctrine of *res judicata* Franklin would be barred from now raising in state court a federal constitutional challenge to his appeal.[118]

## Conclusion

As is more fully stated above, I recommend dismissing this petition in part and denying it in part.

Dated:   November 13, 2008                           s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[117] *Foster*, 109 Ohio St. 3d at 29, 845 N.E.2d at 498-99.

[118] *See*, *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967).

-24-

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[119]

---

[119] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).