UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FRANKLIN, Jr. | : | Case No.  5:06-CV-01218 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| STUART HUDSON | : | MEMORANDUM & ORDER |
| Respondant. | : | |

On May 16, 2006, Donald Franklin, Jr. ("Franklin" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  On July 18, 2006, the Court referred this case to Magistrate Judge William H. Baughman, Jr., ultimately for preparation of a Report and Recommendation ("R&R") regarding Hudson's petition.  (Doc. 6.)  On October 5, 2005, Respondent filed an Answer/Return of Writ.  (Doc. 10.)  On January 9, 2007, Franklin filed a Reply/Traverse. (Doc. 12.)  On November 13, 2008, Magistrate Judge Baughman issued his R&R recommending that this Court deny Franklin's petition and dismiss this case.  (Doc. 14.)  On January 29, 2009, Franklin filed objections to that R&R.  (Doc. 18.)

The Court agrees with the Magistrate Judge's conclusion that Franklin has failed to demonstrate that the state court rulings are contrary to, or involved an unreasonable application of, clearly established Federal law.  His petition must be DENIED and his case DISMISSED.

I. BACKGROUND

The R&R accurately sets forth the factual and procedural background of this case. (Doc. 14 at pp. 2-8.)  The Court adopts the R&R's articulation of that background.  For clarity, however, the Court will reiterate the most critical facts and procedural history here.

The relevant facts were initially set-forth by the state appellate court:

On September 12, 2003 at approximately 4:00 p.m., Stephanie Baum, appellant's neighbor, was attacked and choked by an assailant in her home.  Upon returning to her home with a headache, Baum laid on her bed.  She heard footsteps coming up the stairs, and a man jumped on her back.  She looked down and saw gloves, black skin and the long sleeve of a dark blue shirt.  The man began to choke her, stating he wanted money for drugs owed to him by Baum's boyfriend, Michael Miller.

The man continued to choke Baum for approximately ten minutes.  During this time, Baum's telephone rang and she pushed the button.  Miller was on the other end of the telephone, and heard Baum conversing with the man.  Miller drove to Baum's home, and located her on the bedroom floor with a sock in her mouth and a plastic bag over her head.

At the time, Miller heard the bathroom door slam.  Miller went to the bathroom and began pounding on the door. Appellant was in the bathroom, urinating. Miller kicked the bathroom door open, and after a brief struggle, appellant ran out of the house. Miller followed appellant through the backyard, a neighbor's backyard, the parking lot of a Dairy Mart, an old rubber band factory where appellant was hiding behind a semi-truck trailer and finally back to the house where appellant resided.

The police responded at appellant's front door, appellant ran out the back door and was later arrested by Officer Varian.  Appellant was wearing a blue hooded sweatshirt and had baseball gloves in his pocket.

Miller did not witness the attack in Baum's bedroom, but did see appellant in Baum's residence.  Additionally, Baum did not see her attacker while in the bedroom, but could describe the blue long sleeves worn by her attacker and the gloves, which he was carrying at the time of his arrest.

Appellant told the police he was outside getting ready to cut the grass and became cold.  He went inside and put on a hooded sweatshirt and baseball gloves.  He said the next thing he knew he was walking up to Baum's house and went inside.  He started heading upstairs and blacked out.  He could not remember what happened during this time, and the next thing he remembers is being in a bathroom and having to urinate.

2

> The State charged appellant with one count of aggravated burglary, a felony of the first degree, pursuant to R.C. 2911.11, and one count of attempt to commit murder, a felony of the first degree, pursuant to R.C. 2923.02.
>
> On November 25, 2003, the jury found appellant guilty as charged of the offense of aggravated burglary and attempt to commit murder. On November 26, 2003, the trial court sentenced appellant to the maximum ten year prison term on each count to run consecutively, for a total twenty year prison term.

State v. Franklin, 2004 Ohio 5398, ¶¶2-9 (Ohio Ct. App. 2004)

> Franklin appealed his conviction to the state court of appeals on two grounds:
>
> I. THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
>
> II. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE WITHOUT COMPLYING WITH THE STATUTORY CRITERIA OR MAKING THE REQUISITE FINDINGS.

Id. at ¶¶11-12.  Franklin's appeal was denied on October 4, 2004.  (Id. at ¶55.)  Franklin also appealed these same issues to the Ohio Supreme Court, which, on May 25, 2005, dismissed his appeal as not involving any substantial constitutional question. (See Doc. 14 at 6.)

Petitioner then filed for post-conviction relief in the Stark County Court of Common Pleas on two grounds: (1) that he was actually innocent; and (2) that his counsel had been ineffective.  (Doc. 1-2; see also Doc. 14 at 7.)  Franklin did not file a brief in support of those claims before the Stark County Court of Appeals, nor attempt to present those claims to the Ohio Supreme Court.  (Id.)[1]

---

[1] Franklin did not file a brief in support of these claims because, he asserted, he had filed for the appointment of counsel and expected his appointed counselor to file such a brief. (Doc. 1-2; see also Doc. 14 at 7.)  Upon learning that his appeal had been dismissed, Franklin filed for reconsideration, but that motion was denied. (Doc. 14 at 7.)  Franklin did not appeal to the Ohio Supreme Court because he believed any attempt at appeal would have been futile. (Doc. 1-2.)

On May 16, 2005 petitioner filed the instant *pro se* petition, in which he raises the following claims for relief:

> Ground one: The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence
>
> Ground two: The court erred in imposing the maximum sentence without complying with the statutory criteria or making the requisite findings.

(Doc. 1-3.)

II. LAW AND STANDARD OF REVIEW

Because Franklin filed his habeas petition on May 16, 2005, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition. Harpster v. Ohio, 128 F.3d 322, 326 (6th Cir. 1997), cert. denied, 522 U.S. 1112 (1998); see also Woodford v. Garceau, 538 U.S. 202, 210 (2003). AEDPA provides that when a federal habeas claim has been adjudicated by the state courts, a writ shall not issue unless the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); see also Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001).

A. Habeas Courts May Only Review Certain Errors

Even when the state has committed constitutional errors, a habeas court is not necessarily entitled to provide relief. A writ can only issue under 28 U.S.C. § 2254(d)(1) if a state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405-406 (2000). Under 28 U.S.C. § 2254(d)(2), a writ is only appropriate if the state adjudication was

4

"objectively unreasonable," rather than merely erroneous or incorrect. Williams, 529 U.S. at 409-411. A habeas court, moreover, reviews only for serious constitutional errors and does not engage in factual error correction. Herrera v. Collins, 506 U.S. 390, 400 (1993). To the extent that a state court's factual conclusion is alleged erroneous and to have resulted in a constitutional violation, the state court's finding is rebuttable only by clear and convincing evidence to the contrary. McAdoo v. Elo, 365 F. 3d 487, 493-494 (6th Cir. 2004).

B. Even Otherwise Cognizable Errors are Not Always Reviewable

A federal court will not review a state court's interpretation of state law. For this reason, courts do not review any state court determination that is supported by an independent and adequate basis that does not implicate a federal right. See Michigan v. Long, 463 U.S. 1032, 1039 (1983) ("[W]here the judgment of a state court rests upon two grounds, one of which is federal and the other non-federal in character, our jurisdiction fails if the non-federal ground is independent of the federal ground and adequate to support the judgment.") (citation omitted); see also Gulertekin v. Tinnelman-Cooper, 340 F.3d 415, 424 (6th Cir. Ohio 2003). This principle operates to limit the permissible role of a habeas court, which cannot adjudicate a state court determination that a claim was simply not fully presented to the state courts for review, as such a "procedural default" operates as an independent and adequate state jurisdictional bar. Coleman v. Thompson, 501 U.S. 722, 729 (1991); Haliym v. Mitchell, 492 F.3d 680, 691 (6th Cir. 2007). Accordingly, when a petitioner has failed to comply with a state procedural rule with respect to a particular claim, federal courts are frequently barred from considering the underlying claim. See id.

To determine whether a claim has been procedurally defaulted, courts of the Sixth Circuit first ask whether a claim has been presumptively defaulted and then, if so, whether petitioner can show some grounds under which a court could excuse this default. See Nields v. Bradshaw, 482

5

F.3d 442, 451 (6th Cir. 2007); **Abdus-Samad v. Bell, 420 F.3d 614, 623 (6th Cir. 2005)**.  To determine whether a claim has been presumptively defaulted, a court inquires whether:

> (1) there is a state procedural rule that applies to the petitioner's claim with which the petitioner failed to comply;
>
> (2) that rule is actually enforced by state courts;
>
> (3) the state procedural forfeiture is an independent and adequate state ground on which the state can rely to foreclose review of a federal constitutional claim.

**Franklin v. Anderson, 434 F.3d 412, 418 (6th Cir. 2006).  If each prong of this analysis is met, a claim is presumptively defaulted.  See Abdus-Samad, 420 F.3d at 623.  Even if these first three prongs are met, however, a habeas court will review the merits of an underlying constitutional claim if a petitioner can show "cause and prejudice" for failure to follow the relevant procedural rule or that the petitioner is "actually innocent" of the underlying offense.  Poindexter v. Mitchell, 454 F.3d 564, 583 (6th Cir. 2006).**[2]

III. THE COURT AGREES WITH THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge correctly concluded that neither of Franklin's asserted grounds for relief were well-taken.  Although Franklin's objections to the R&R restate the arguments made to, and properly rejected by, the Magistrate Judge, the Court will directly address the substance of these arguments.  But see Pimental v. Hudson, No. 1:07-CV-01163, 2008 U.S. Dist. LEXIS 86012, at *6 (N.D. Ohio Sept. 5, 2008) ("[Petitioner] merely restates the arguments he made before the magistrate judge.  [This] is functionally the same as filing no objection at all." (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991))); King v. Caruso, 542 F. Supp. 2d 703, 706 (E.D. Mich.

---

[2] Many courts refer to this process of determining presumptive default and then examining whether there are grounds under which a court might excuse this default as a singular four-part analysis.  See, e.g., **Franklin, 434 F.3d at 418.**

2008) (same).  Although such a review is not mandated by the Sixth Circuit, it is the better practice for all but the most frivolous arguments, because even a brief treatment of the substance of a petitioner's objections limits the potential that a meritorious petition is rejected.

Franklin first reiterates the argument that his conviction was not supported by sufficient evidence.  It is clear, however, that Magistrate Judge Baughman carefully considered Franklin's assertions as well as the evidence against him prior to recommending that this Court deny Franklin relief.  Indeed, this Court finds that, even if it were somehow empowered to "reweigh" all of the evidence as the Petitioner seems to urge, Franklin's conviction would still be amply supported.  As the Magistrate Judge noted: (1) the victim described "Franklin's distinctive attire perfectly at the time of the attack;" (2) the victim's boyfriend "testified to struggling with Franklin before he ran out of the victim's house;" and (3) the police "found Franklin wearing the exact clothes described by the victim, with the distinctive gloves also described by the victim in his pocket."  (Doc. 14 at 19; see also Doc. 14 at 20-22 (further summarizing the evidence against Franklin).)  Standing against the state's substantial evidence, the Petitioner raises "at best, contrary circumstantial claims," which are not enough to cast doubt on his conviction under even a deferential standard of review, much less the high bar mandated by the AEDPA.  (Doc. 14 at 18.)

Franklin next restates his argument that the state court structure under which he was sentenced was unconstitutional.  The problem here, as adeptly explained by Magistrate Judge Baughman, is that the Petitioner never presented this claim to the state courts as a federal constitutional claim.  (Doc. 14 at 22-24.)  Franklin, indeed, appears to concede this point in his traverse.  (Doc. 12 at 6 (contending that this Court should nonetheless review this issue).)  It is well-established that a claim is procedurally defaulted, and thus ineligible for habeas review, when that claim has only been presented to the state courts as an issue of state law and the

petitioner cannot properly return to the state courts for consideration of the issue as a federal constitutional claim. Cvijetinovic v. Eberlin, No. 04-CV-2555, 2008 U.S. Dist. LEXIS 26483, at *31-32 (N.D. Ohio Mar. 31, 2008). On direct appeal, it is undisputed that Franklin argued only that the sentencing court had not complied with Ohio statutory law and did not "raise arguments and/or rely on authorities employing federal constitutional analysis." (See Doc. 21 at 7); accord Sheppard v. Bagley, No. 1:00-CV-493, 2009 U.S. Dist. LEXIS 21290, at *13 (S.D. Ohio Mar. 4, 2009) ("[T]his Court agrees with and adopts the Magistrate Judge's conclusion that petitioner waived this claim by failing to fairly present it to the state courts as a federal claim.").[3]

## VI. CONCLUSION

For the foregoing reasons, this Court ADOPTS the R&R and DENIES Franklin's petition for a writ of habeas corpus.

Accordingly, Donald Franklin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED and his case DISMISSED. The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

s/Kathleen M. O'Malley

KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2009

---

[3] Franklin notes that the Ohio Supreme Court later would invalidate the statute in question on federal constitutional grounds. (Doc. 18 at 4.) This does not alter the analysis, however, because Franklin himself did not present a federal constitutional claim to the Ohio courts.

8